U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*50 Main Street – Suite 1100*
*White Plains, New York 10606*

May 27, 2026

Honorable Philip M. Halpern
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

> Re:    United States v. John Towers
>        25 Cr. 544 (PMH)

Dear Judge Halpern:

The Government writes to request that the Court revoke the defendant's order of release and order him remanded to the custody of the Marshals pending trial.  As the Court is aware, John Towers failed to appear for court today for his scheduled 10:00 a.m. change of plea proceeding.  At approximately 10:51 a.m., Towers' pretrial officer, Shannon Finneran, received an alert that Towers' location monitoring tracker had been cut.  This Court issued a bench warrant for his arrest. At approximately 11:50 a.m., law enforcement stopped Towers in his vehicle in the Town of Dover Plains and arrested him.  At the time of his arrest, he was approximately an hour north of his Putnam County residence.

Under Title 18, United States Code, Section 3148(a), a person who has been released under Title 18, United States Code, Section 3142, and has violated a condition of his release, "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court."  The Court "shall enter an order of revocation and detention if, after a hearing," the Court:

(1) finds that there is –

   (A) probable cause to believe that the person has committed a
   Federal, State or local crime while on release, or
      (B) clear and convincing evidence that the person has violated
   any other conditions of release; and

(2) finds that –

   (A) based on the factors set forth in section 3142(g) of this title,
   there is no condition or combination of conditions of release that will

assure that the person will not flee or pose a danger to the safety of
any other person or the community; or

(B) the person is unlikely to abide by any condition or
combination of conditions of release.

18 U.S.C. § 3148(b)(1).

Further, if there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3148(b).

In light of today's events and pursuant to 18 U.S.C. § 3148(b)(1), the Government requests that the Court revoke the defendant's order of release and order him remanded to the custody of the Marshals pending trial. Mr. Burke consents to the entry of an order of revocation and detention, and consents to such revocation and detention without the need for a hearing.

This application has been referred to the undersigned by Judge Halpern. In addition to the information set forth above, the Court notes that when this letter was submitted to Judge Halpern at 4:25 p.m., the Defendant -- who initially was brought to the courthouse following his arrest -- had been transported to a local hospital for evaluation, and was not expected to be able to return for an in-person presentment this evening.

It is clear that revocation of the Defendant's release on the specified bail conditions is warranted pursuant to 18 U.S.C. § 3148(b)(1)(B), and that there is no condition or combination of conditions of release that will assure that the Defendant will not flee, *see* 18 U.S.C. § 3148(b)(2)(A). Accordingly, the Defendant's release on the specified bail conditions is hereby REVOKED and the Defendant is ordered DETAINED.

As set forth above, counsel for the Defendant has consented, on the Defendant's behalf, to the entry of this order of revocation and detention, and has consented to this order being entered without the need for a hearing. Counsel for the Defendant separately confirmed the Defendant's willingness to waive any hearing in a separate conversation with the Court after this letter was submitted.

Dated: May 27, 2026

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge